TEMPLE ELECTRIC LIGHT COMPANY v. MRS. MINNIE HALLIBURTON.

No. 2542.  Decided November 15, 1911.

**1.—Jurisdiction of Supreme Court—Question of Fact.**

The finding of the Court of Civil Appeals refusing to reverse a recovery because of insufficiency of the evidence or its preponderance against the verdict will not be reviewed by the Supreme Court unless the evidence is insufficient as matter of law.  (P. 495.)

**2.—Same—Contributory Negligence—Acting in Emergency—Electricity.**

A telephone wire entering a house became charged with a dangerous current by contact with the wire of an electric light company in the alley in proximity to it, and was emitting sparks. The proprietor of the house, alarmed for the safety of his property, attempted to sever the telephone wire outside the house with pliers and in so doing was killed by the electric charge. In an action against the electric light company for negligence causing his death, such act of deceased is held not to constitute negligence in law, nor to justify a peremptory charge in favor of defendant on the ground of contributory negligence by deceased. (P. 495.)

**3.—Negligence—Action Over—Continuance to Make Parties.**

Defendant, sued for injury by its own negligence in failing to so maintain its electric light wire in an alley as to prevent contact with a telephone wire which became electrically charged thereby, killing plaintiff's husband who came in contact with it, applied for a continuance to make the telephone company a party to a plea over against the latter, alleging that such company was the party primarily at fault and liable. This was refused and judgment recovered against defendant on the trial. Held, that there was no substantial error requiring a reversal. If the telephone company was liable to defendant for contribution or indemnity, the right to enforce that liability in a separate action by defendant was not affected by the judgment. (P. 495.)

Motion for rehearing of an application for writ of error to the Court of Civil Appeals, Third District, previously refused.

*Harry P. Lawther, W. O. Cox* and *Gregory, Batts & Brooks,* for petitioner.—A defendant has the right to make all persons parties against whom he would have a right of action in case the judgment were against him.  Fleming v. Seeligson, 53 Texas, 533; Estell v. Cole, 52 Texas, 178; Peters v. Clements, 46 Texas, 123; Cecus v. Hill, 13 Texas, 66; Demont v. Bennett, 29 Texas, 270; Bailey v. Trammell, 27 Texas, 325; Iglehart v. Moore, 21 Texas, 504; Williams v. Wright, 20 Texas, 502; Cooper v. Singleton, 19 Texas, 207; Denison v. League, 16 Texas, 408; Garrett v. Gaines, 6 Texas, 446; Legg v. McNeill, 2 Texas, 431.

The rule that there is no contribution between joint tort feasors has no application to torts which are the result of mere negligence.  May-

berry v. Northern Pac. Ry. Co., 100 Minn., 79; Ankeny v. Moffett, 37 Minn., 109; Churchill v. Holt, 127 Mass., 165, 34 Am. Rep., 355; Acheson v. Miller, 2 Ohio St., 203, 59 Am. Dec., 663; Torpy v. Johnson, 43 Neb., 882; 9 Cyc., 804; 7 Am. & Eng. Enc. Law, (2d ed.), 365; Galveston, H. & S. A. Ry. Co. v. Piggott, 116 S. W., 847; City of San Antonio v. Talerico, 81 S. W., 519; City of San Antonio v. Smith, 59 S. W., 1109; Pullman v. Norton, 91 S. W., 843; City of San Antonio v. Pizzoni, 61 S. W., 1102; Kampmann v. Rothwell, 109 S. W., 1089; Golon v. Traction Co., 100 S. W., 551; Shearman & Redfield on Negligence (5th ed.), sec. 24; Webb's Pollock on Torts, 231 and note; Cooley on Torts (3d ed.), 254 et seq.; Alexander v. Light Co., 58 Atl., 1068; Granz v. Light Co., 19 Am. Rep., 324; Union Stock Yds. Co. v. Chicago, B. & Q. R. Co., 196 U. S., 217.

No case of actionable negligence had been made out against the Light Company and the motion to instruct a verdict in its favor should have been sustained. Means v. Railway Co., 144 Cali., 473; Bourke v. Butte, etc., 83 Pac., 470; Gilbert v. Duluth, etc., Co., 100 N. W., 653; City Elec. Ry. Co. v. Conery, 33 S. W., 426; Warren v. City, etc., Ry. Co., 104 N. W., 613; Witner v. Buffalo, etc., 98 N. Y. S., 781; Keasby, Elec. Wires, secs. 242 to 269.

Upon the whole case it was clear that Halliburton's death was proximately due to his own rashness and the negligence of the telephone company. He knew of the danger of coming in contact with a wire charged with electricity; he knew that this wire was charged with electricity; he was warned by his wife; he was warned by the sparks of light flashing from the wire. Missouri Pac. Ry. Co. v. Foreman, 73 Texas, 311; Railway Co. v. Spicker, 61 Texas, 427; Johnson v. Galveston, H. & S. A. Ry. Co., 30 S. W., 95; Gulf, C. & S. F. Ry. Co. v. Scott, 27 S. W., 827; Cook v. Wilmington City Elec. Co., 9 Houst. (Del.), 306; Columbus Ry. Co. v. Dorsey, 119 Ga., 363; Frauenthal v. Laclede Gas. Lt. Co., 67 Mo. App., 1; Katafiasz v. Toledo Con. Elec. Co., 24 Ohio Cir. Ct., 127; Clements v. Louisiana Elec. Lt., etc., Co., 44 La. Ann., 692; Wolpers v. New York Elec. Lt., etc., Co., 91 N. Y. App. Div., 424; Atkins v. Lackawana Trans. Co., 79 Ill. App., 19; Peoria v. Adams, 72 Ill. App., 662; Neylon v. Phillips, 179 Mass, 334; Patterson v. Hemenway, 148 Mass., 94; Cowen v. Kirby, 180 Mass., 504; Sickels v. New Jersey Ice Co., 153 N. J., 83; Mansfield v. Richardson, 118 Ga., 250; Dennis v. Harris, 19 N. Y. Supp., 524; Fox v. Borkey, 122 Pa. St., 164; Schell v. St. Paul 2d Natl. Bk., 14 Minn., 43; O'Brien v. Tatum, 84 Ala., 186; Swanson v. Boutell, 95 Minn., 138; Hastorf v. Hudson Riv. S. S. Sup. Co., 110 Fed., 669; Chicago & E. I. R. R. Co. v. Roberts, 44 Ill. App., 179; Mayor of Cumberland v. Lottig, 51 Atl., 481.

*Winbourne Pearce* and *A. L. Curtis,* for defendants in error.

### ON MOTION FOR REHEARING.

MR. JUSTICE RAMSEY delivered the opinion of the court.

In the opinion of the Court of Civil Appeals, reported in 136 S. W., 584, will be found a full and substantially correct statement of the facts, on which the judgment of the District Court rested and with

reference to which said judgment was by the Court of Civil Appeals affirmed.

On application for writ of error to this court, as originally submitted, we concluded that, as presented to us, and in subjection and obedience to the rule which makes the judgment of the Court of Civil Appeals as to the facts binding on us, we were not justified, on the merits of the case, in interfering. True, there was indeed a strong showing of contributory negligence on the part of the deceased, but in view of all the facts and particularly in view of the great and sudden emergency confronting him, we were not willing to say that, as a matter of law, he was guilty of such contributory negligence as would bar a recovery by his wife and children.

We also then thought, as we now believe, that there was evidence in the record supporting the verdict of the jury affirming negligence on the part of the Electric Light Company causing or contributing towards causing Halliburton's death. We further concluded that the action of the court in declining to continue the case to permit the plaintiff in error to make the owner or owners of the telephone plant parties to the suit was, if error, not such substantial error as should operate to reverse the case.

Thereafter a motion for rehearing on the application for writ of error in which all the matters and questions theretofore urged were again presented with great force and clearness. These questions have been the matter of the most thorough and anxious consideration by every member of the court. While not such a result as we would ourselves have been inclined to determine, we have nevertheless been unable to conclude that we should, under the limitations of our creation, grant the writ. If it should be held that it were wiser for the trial court to have continued the case in order that the telephone company might be made a party, so that in the one case, the plaintiff in error, might, if entitled thereto, secure a judgment, in the way of contribution, for some or all of the sum with which it is charged, we are not prepared to say, even if it could be held that contribution between such tort feasors exists, that this should, as a matter of right, entitle plaintiff in error to a reversal of the judgment. If entitled to such right of contribution at all, it still exists in unabated vigor and to an extent unaffected by this decision. We need not therefore here decide, and probably ought not now to decide whether under the facts of this case such right of contribution exists. The motion for rehearing was overruled some days ago, but the mandate was by direction of the court withheld for further investigation. Such investigation and such careful study of the case as we have all made has again led us to the conclusion that the motion for rehearing was rightfully refused, and this memorandum is but to evidence briefly the basis for such decision.

Motion overruled.