### HEMINGTON v. HEMINGTON.

1. NEGLIGENCE—AUTOMOBILES—HIGHWAYS AND STREETS.

    In an action by a guest of the driver of an automobile for personal injuries received when the automobile went into the ditch at an intersecting highway in order to avoid striking a horse and buggy thereon, *held*, actionable negligence for the driver to approach said crossing at the rate of 45 miles an hour, so that she was unable to control the car and meet the common situation with which she was confronted.

2. SAME—ASSUMPTION OF RISK—QUESTION FOR JURY.

    Whether plaintiff, who had remonstrated with defendant for driving so fast, assumed the risk by re-entering the car after leaving it to inquire the way, *held*, a question of fact for the jury.

3. SAME — CONTRIBUTORY NEGLIGENCE — INTOXICATION — RECKLESSNESS.

    The rule that a person who voluntarily continues to ride with an intoxicated driver after knowledge of the fact is guilty of contributory negligence has no application to a case where the driver is not intoxicated, is in possession of all the faculties, but makes reckless use of them.

On speed of automobile as negligence, see notes in 25 L. R. A. (N. S.) 40; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1178; 51 L. R. A. (N. S.) 993.

On evidence as to speed of automobile, see note in 34 L. R. A. (N. S.) 778.

On liability of owner or operator of automobile for injury to guest, see notes in 46 L. R. A. (N. S.) 1183; 50 L. R. A. (N. S.) 1100; L. R. A. 1918E, 416.

4. SAME—ONE INVITED TO RIDE FOR COMPANY IS A GUEST.
    Where a daughter invited her mother to ride with her in her automobile to another city for company, and the mother accepted, she was the guest of her daughter and the rule relative to driver and guest was applicable in an action by the mother for injuries caused by the negligent driving of the daughter.

5. SAME—NEGLIGENT DRIVER LIABLE FOR INJURY TO GUEST—DUTY TO EXERCISE REASONABLE CARE.
    The driver of a motor vehicle is under the obligation of exercising reasonable care, not only for the safety of pedestrians and other travelers, but also for the safe transportation of guests and other passengers in the machine.

6. SAME—DAMAGES—EXCESSIVE VERDICT.
    Considering the nature and extent of plaintiff's injuries, and the consequent pain and suffering, a judgment for $2,000 *held*, not excessive.

Error to Saginaw; Snow (Ernest A.), J. Submitted October 26, 1922. (Docket No. 24.) Decided December 5, 1922.

Case by Mamie Hemington against Ryllis Hemington for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Vandeveer & Foster,* for appellant.

*Crane & Crane* and *W. J. Nash,* for appellee.

WIEST, J. Plaintiff is defendant's mother. While riding as a guest, in the daughter's new automobile, on a trip from Pontiac to Saginaw, plaintiff suffered injuries when the automobile went into a ditch near Davison. This suit was brought to recover damages.

It appears that the daughter drove at an unlawful and reckless rate of speed, against the repeated remonstrances of her mother, and the immediate occasion of the accident was putting on the brakes, under a

speed of 45 miles per hour, to avoid a horse and buggy crossing the road at an intersecting highway. Plaintiff had verdict for $3,000, and this was cut to $2,000 by the court.

The case is here by writ of error and defendant claims that no negligence on her part was established; that plaintiff voluntarily put herself in a place of danger; that plaintiff assumed the risk incident to the journey by remaining in the automobile after she knew of the apparent danger; that she was engaged in a joint undertaking or common venture with defendant, and that the court should have granted a new trial. The plaintiff was early aware of defendant's fast driving and was frightened thereby and repeatedly asked defendant to reduce the speed as the car was swerving from side to side of the road. At Clarkston, about 14 miles from Pontiac, at the request of plaintiff, a garage man looked the car over and said he could find nothing wrong with it, and he thought there would be no trouble in keeping the road if the car was not driven too fast. At Ortonville plaintiff got out to inquire about the road to Saginaw and then reentered the car. About a mile south of Davison the car was going at a speed of about 45 miles per hour when a horse and buggy was discovered crossing the road at an intersecting highway. Some rods from the horse and buggy defendant applied the brakes but was unable to stop although the speed of the car was lessened, and in attempting to turn away from the horse and buggy the car went into the ditch.

It was actionable negligence for defendant to approach the intersecting highway at 45 miles per hour. She should have had her car under such reasonable control that she could have met with safety the very common situation with which she was confronted.

It is claimed that the plaintiff voluntarily put herself in a place of danger by re-entering the car at

Ortonville to ride with one she then knew was reckless and had refused to pay any heed to her remonstrances, and that in law she assumed the risk and cannot recover. We are not impressed with this claim. At the most it was a question of fact for the jury, and the circuit judge very properly left it there.

Our attention is directed to cases of intoxicated drivers where it has been held that it is contributory negligence to continue to ride with such a person after knowledge of his condition and with opportunity to leave the car. We cannot make such decisions fit this case. Intoxication temporarily destroys the faculties essential to safe driving, and this is of such common knowledge that no one with sense will submit to the peril of riding with such a person.

Defendant possessed her faculties but made reckless use of them. We find no testimony supporting the claim that plaintiff and defendant were engaged in a joint undertaking or common venture. The trip to Saginaw was commenced at Pontiac so late in the afternoon as to require considerable driving after dark. The defendant wanted company and, therefore, invited her mother to accompany her. This constituted plaintiff a guest of defendant, and brings the case within the rule relative to driver and guest.

This rule is stated in Huddy on Automobiles (5th Ed.), § 678:

"When the occupant of an automobile is injured through the operation of the machine, and it is shown that the driver was negligent and the occupant was not guilty of contributory negligence, it is clear that the latter can maintain an action against the driver and recover compensation for his injuries. The fact that the occupant was a guest or gratuitous passenger of the driver or owner of the machine creates no exception to the general rule. The driver of a motor vehicle is under the obligation of exercising reason-

221—Mich.—14.

able care, not only for the safety of pedestrians and other travelers, but also for the safe transportation of his guests and other passengers in the machine. The express or implied duty of the owner and driver to the occupant of the car is to exercise reasonable care in its operation and not unreasonably to expose him to danger by increasing the hazard of that method of travel. * * * Failing in this duty, he will be liable to the occupant or guest in the car for injuries which are the result of such carelessness or lack of diligence."

Considering the nature and extent of the injuries received by plaintiff, and the consequent pain and suffering, the judgment entered by the court cannot be considered excessive.

The judgment is affirmed, with costs to plaintiff.

FELLOWS, C. J., and McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.