**WILLIAMS et al. v. SARGENT et al.**
No. 6234.

Court of Civil Appeals of Texas. Amarillo.
June 30, 1952.

Rehearing Denied Nov. 12, 1952.
Judgment Affirmed May 6, 1953.

C. C. Crenshaw, Jr., Lubbock, for appellants.

Calloway Huffaker, Jr., Tahoka, for appellees.

LUMPKIN, Justice.

On April 28, 1951, an automobile turned over in Lynn County, Texas, and injured the plaintiffs, Nancy Sue Sargent, aged 13, and Betty Lou Smith, aged 14. The defendant, Jerry Williams, a 13-year-old boy, was the driver of the car. His father, Carl Williams, owner of the car, is also named in the suit as a party defendant. The driver and the two girls were the only persons in the automobile at the time of the accident.

The plaintiff, Mrs. Frankie Sargent, a widow, sued individually and as next friend for her minor daughter, Nancy Sue Sargent, to recover damages for personal injuries received by Nancy Sue and for the loss of her services. The plaintiff, Mrs. Bessie Russell, joined pro forma by her husband, Sherman Russell, likewise sued the defendants to recover damages and loss of the services of her minor daughter, Betty Lou Smith; and Fritz Otto, the guardian of Betty Lou's estate, sued to recover damages for the personal injuries sustained by Betty Lou.

Based upon jury findings, the court entered judgment for the plaintiffs, overruling the defendants' motion for judgment non obstante veredicto.

The defendants contend the plaintiffs' recovery is barred by the doctrine of voluntary exposure to risk. They insist that the plaintiffs were guilty of contributory negligence as a matter of law, proximately causing, as a matter of law, the injuries and damages sustained by them.

The plaintiffs had charged Jerry Williams with numerous acts of gross negligence proximately causing the girls' injuries. They alleged, in substance, that on the evening of April 28, 1951, a Chrysler automobile owned by the defendant, Carl Williams, was being driven by Jerry Williams, his 13-year-old son. The only passengers were Nancy Sue Sargent and Betty Lou Smith. The plaintiffs alleged that while Jerry was driving on U. S. Highway 87 from Tahoka to Lubbock, Texas, and attempting to make a curve near the town of Cooper, the automobile overturned and Nancy Sue Sargent and Betty Lou Smith received permanent and serious injuries.

The plaintiffs pleaded that at the time of the accident Jerry Williams was only 13 years of age and that he was a weak, inexperienced boy, wholly unfit and incapacitated to drive an automobile upon the highways of this state; moreover, that he did not hold a valid operator's license under the laws of this state and that this fact was

known to the defendant, Carl Williams, who also knew that his son was wholly unfit to drive and operate a motor vehicle. They further alleged that Carl Williams was guilty of the following acts, omissions and violations of duty: in permitting his son to operate an automobile at a time when he knew that he was not a qualified operator of motor vehicles; in permitting Jerry to operate a motor vehicle without holding a valid operator's or chauffeur's license; and in permitting him to operate an automobile knowing that he was a small, weak, reckless boy, wholly unfit and incapacitated to operate a motor vehicle upon the highways of this state. They alleged that each and every act of Carl Williams constituted gross negligence, in addition to negligence, and a heedless and reckless disregard for the rights of others; that each act was a direct, moving and proximate cause of the accident and of the resulting injuries and damages sustained by the plaintiffs. The trial court based its judgment on the findings the jury made in accordance with these allegations.

The defendants, Carl Williams and his son, Jerry, answered by way of a general denial. They specifically alleged that the defendant's son did not possess a valid driver's license and that this fact was well known to the plaintiffs; that immediately prior to the accident the plaintiffs, Mrs. Frankie Sargent, Mrs. Bessie Russell, Sherman Russell, and Fritz Otto, were each guilty of the following acts of negligence: (1) in permitting the minor plaintiffs, Nancy Sue Sargent and Betty Lou Smith, to ride with Jerry when they knew, or could have known by the exercise of ordinary and reasonable care, that Jerry did not possess a valid driver's license; (2) in permitting Nancy Sue and Betty Lou to drive to the City of Lubbock with Jerry when they knew or could have known by the exercise of ordinary and reasonable care that he was a small, weak, reckless boy wholly unfit and incapacitated to operate an automobile on the highways. The defendants alleged that each act of negligence was a direct and proximate cause of the accident and of the injuries alleged to have resulted there-

from. The defendants further pleaded that Nancy Sue and Betty Lou had ridden with Jerry on several occasions prior to the accident; that both of the minor plaintiffs were well acquainted with Jerry; that the parents of the minor plaintiffs knew Jerry; and that all of the plaintiffs immediately prior to the accident accepted and assumed the danger incident to any lack of skill, competence, or experience of the defendant, Jerry Williams; and that if the accident and the injuries alleged to have resulted therefrom resulted from any lack of skill or competence on the part of the defendant, Jerry Williams, then the plaintiffs had fully accepted and assumed the risk, and by reason of such assumption and acceptance of such risk they were estopped from recovery of damages against the defendants as a matter of law.

The defendants further pleaded that the minor plaintiffs were each guilty of the following acts of negligence: in riding with the defendant, Jerry Williams, on the highway to the City of Lubbock when they knew or could have known by the exercise of ordinary reasonable care that the defendant did not possess an operator's license; in riding with him when they knew or could have known by the exercise of ordinary reasonable care that the defendant was a small, weak, reckless boy, wholly unfit and incapacitated to operate an automobile upon the highways; that each and all of these acts of negligence on the part of the plaintiffs were a direct and proximate cause, or contributing cause, to the accident and of the injuries alleged to have resulted therefrom.

These defensive theories were submitted to the jury in a number of special issues. The jury found that at the time of the accident Jerry Williams was a small, weak, reckless boy, wholly unfit and incapacitated to operate a motor vehicle. (It was admitted that he did not possess a valid operator's license.) The jury found that the plaintiffs, Mrs. Bessie Russell and her husband, Sherman Russell, knew, or could have known by the exercise of ordinary reasonable care, that Jerry did not have an operator's license; but the jury found that

they permitted Betty Lou Smith to ride with him knowing this—that this was an act of negligence but not the proximate cause of the injuries received by Betty Lou.

Moreover, the jury found that Mr. and Mrs. Russell knew, or could have known, that Jerry was a small, weak, reckless boy, wholly unfit and incapacitated to operate an automobile; that the act of allowing Betty Lou to ride with Jerry, knowing this, was negligence, but such was not the proximate cause of their daughter's injuries.

The jury found that Betty Lou knew, or could have known, that Jerry did not possess a driver's license; that her act in riding with him knowing such a fact was not negligence, and the jury made no finding as to proximate cause.

The jury was asked if Betty Lou knew, or could have known, that Jerry was a small, weak, reckless boy, wholly unfit and incapacitated to operate his father's car on the highways. The jury answered in the affirmative but found that her act of riding with him knowing such a fact was not negligence and, of course, made no finding on the issue of proximate cause.

The jury found that Mrs. Frankie Sargent knew, or could have known, that Jerry did not possess a driver's license but that she did not permit her daughter, Nancy Sue Sargent, to ride with Jerry knowing such a fact. The jury did not answer the special issues which inquired if such act was negligence and the proximate cause of Nancy Sue's injuries. The jury found, however, that Mrs. Sargent knew, or could have known, at the time she permitted her daughter to ride with him, that Jerry was a small, weak, reckless boy, wholly unfit and incapacitated to operate an automobile on the highways, that such was negligence but not the proximate cause of Nancy Sue's injuries.

Finally, the jury found that Nancy Sue knew, or could have known, that Jerry did not possess a driver's license and that he was a small, weak, reckless boy, wholly unfit and incapacitated to operate an automobile. But the jury found that riding with Jerry, even though she knew such facts, was not negligence, and it made no findings as to proximate cause.

The evidence reveals that Jerry was a 13-year-old boy, that he did not possess a valid operator's license, and that he was a reckless automobile driver. The evidence also shows that the plaintiffs either knew these facts before the minor plaintiffs entered the car with Jerry or they could have learned them by the exercise of ordinary care.

In the case of Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587, 589, the Supreme Court discusses the purpose of our driver's licensing act. The Court said:

"An examination of our statute requiring operators of automobiles to have licenses discloses that its principal purpose is to insure a minimum of competence and skill on the part of drivers for the protection of persons who might be injured or have their property damaged by negligent or reckless operation of motor vehicles on the highways. The first statute in this state requiring licenses for operators of motor vehicles did not require the applicant to stand any examination to show his competence to drive an automobile. Acts 44th Legislature, Second Called Session, 1935, Chapter 466, page 1785. This statute was amended so as to require applicants for operators' licenses to pass certain tests by Chapter 369, Acts 45th Legislature, Regular Session, 1937, page 752. The emergency clause in this statute recited that the existing law was then inadequate "to curb the increasing fatalities due to improper driving.' This statute was further amended so as to make additional requirements of applicants for operators' licenses by Chapter 173, Acts 47th Legislature, Regular Session, 1941, page 245. This statute (Vernon's Ann.Civ.St. Article 6687b, Section 10) now requires that each applicant for a license must successfully stand an examination by the Department of Public Safety to test his vision, his ability to

understand highway signs, his knowledge of traffic laws, and his ability to exercise ordinary and reasonable control in the operation of a motor vehicle. Section 2 of this statute requires that all persons operating motor vehicles upon the highways of this state, except those persons specially exempted, shall have licenses * * *."

Section 4, subd. 1 of Art. II of Art. 6687b as amended, Vernon's Ann.Civ.St., provides that a license shall not be issued to any person who is under fourteen years of age. The Court also said in the Mundy case:

"* * * we think that it is apparent that the statute is designed to secure a minimum of competence and skill for drivers of automobiles and to fix a standard of conduct for persons lending their automobiles to others to drive, and that its principal aim is to afford some protection to the interests of other persons on or near the public highways."

The statute is also designed to protect those who are guests in motor vehicles operated on the highways of this state. Because of his age, Jerry Williams could not obtain an operator's license.

The undisputed evidence reveals that Jerry did not possess an operator's license as required by law. Both of the girls admitted that they knew this fact before they entered the defendant's car. The plaintiffs alleged, and the jury found, that Jerry was a small, weak, reckless boy, wholly unfit and incapacitated to operate a motor vehicle on the state highways. The jury found from the controverted evidence that the girls' parents knew these facts. Yet with knowledge of Jerry's incompetency, they permitted their children to ride with him. The jury also found that the girls knew these facts. Yet, with knowledge of Jerry's incompetency, they chose to ride with him.

In the case of Schiller v. Rice, 246 S.W. 2d 607, 610, the Supreme Court had before it a set of circumstances similar to those we have before us here. In that case two young women were injured in an automobile accident. They charged the defendant, the driver of the automobile in which they were guests, with gross negligence and alleged that his negligence was the proximate cause of the injuries they sustained in the car wreck. One of the grounds upon which the plaintiffs sought to impose liability on the defendant was that the defendant was driving his automobile on a public highway while he was intoxicated and under the influence of intoxicating liquor—an act which was in heedless and reckless disregard of the rights of his passengers and was the proximate cause of the acts and omissions causing the plaintiffs' injuries.

The defendant in the Schiller case pleaded that the plaintiffs assumed whatever risk was involved in riding with him and that their conduct in remaining in and failing to leave the car, knowing that he was intoxicated, amounted in law, to an assent to the acts and omissions of the defendant thereby barring a recovery under the doctrine expressed in the maxim *"volenti non fit injuria,"* which means that he who consents cannot receive an injury. The jury found that the defendant drove his automobile while under the influence of intoxicating liquor, that such act was in heedless and reckless disregard of the rights of the plaintiffs and that such act was a proximate cause of their injuries. But the jury also found that the plaintiffs knew and realized that the defendant was intoxicated, that they had a fair and reasonable opportunity to leave the car after they acquired such knowledge, but that they did not act with knowledge of the danger in riding with the defendant and that their failure to leave the car was not in heedless and reckless disregard of their own safety.

The Supreme Court held, in the Schiller case, that the plaintiffs were heedless and reckless of their own safety as a matter of law, and that as a matter of law this heedless and reckless disregard of their own safety was the proximate cause of their injuries. The Court said: "It is our further conclusion that the plaintiffs voluntarily exposed themselves to the risk of injury by failing to leave the automobile

and 'put themselves in the way of danger' of their own free will." The plaintiffs did not recover.

Applying the rule laid down in the Schiller case, we see no great distinction between a driver, dangerous and incompetent by reason of his intoxication and one dangerous and incompetent by reason of being too young to qualify as a driver under the laws of Texas and being a small, weak, reckless boy, wholly unfit and incapacitated to drive an automobile. The law requires Jerry to have an operator's license as proof of his competency. The plaintiffs were charged with notice, as a matter of law, of the danger of riding with Jerry Williams when he, admittedly and to their knowledge, was not qualified to drive an automobile. They are further charged, as a matter of law, with notice of the danger of riding with Jerry Williams when they knew, according to the jury's findings, that he was a small, weak, reckless boy wholly unfit and incapacitated to drive an automobile. Being so charged, the parents voluntarily exposed the minor plaintiffs to the risk involved and put themselves and the minor plaintiffs in the way of danger of their own free will and as a result of their own choice when they permitted their minor daughters to enter the car with Jerry for the purpose of going to Lubbock. The minor plaintiffs likewise voluntarily exposed themselves to the risk involved and put themselves in the way of danger of their own free will and choice when they voluntarily entered Jerry's car, being charged in law with the dangers incident to riding with him. In our opinion the plaintiffs are barred from recovery, as a matter of law, by reason of their contributory negligence in voluntarily exposing themselves to dangers of which they were not only charged with notice as a matter of law, but of which they had actual knowledge, as found by the jury; that such contributory negligence, as a matter of law, was a proximate cause of the injuries received by the two minor plaintiffs and the damages suffered by the parents. The trial court should have ignored as immaterial those answers of the jury which did not find the minor plaintiffs and Mrs. Sargent

guilty of negligence; likewise, the court should have disregarded as immaterial the jury's answers which failed to find that the plaintiffs' negligence was the proximate cause of the girls' injuries. Schiller v. Rice, supra.

In our opinion the court erred in not sustaining the defendants' motion for judgment non obstante veredicto. The cause has been fully developed; nothing could be gained by another trial. London Terrace, Inc. v. McAlister, 142 Tex. 608, 180 S.W.2d 619. The judgment of the trial court is therefore reversed and judgment is rendered that the plaintiffs take nothing.