NANCY SUE SARGENT ET AL V. CARL WILLIAMS ET AL.

No. A-3870. Decided May 6, 1953.
Rehearing overruled June 24, 1953.
(258 S.W. 2d Series 787)

414

*Mitchell Williams, Calloway Huffaker* and *Harold Green,* all of Tahoka, for petitioners.

The Court of Civil Appeals erred in holding, as a matter of law, that the minor plaintiffs were guilty of contributory negligence in riding with the defendant, Jerry Williams, who did not possess a driver's license, and that such negligence caused their injuries as a matter of law. Texas & Pac. Ry. Co. v. Day, 145 Texas 277, 197 S.W. 2d 332; Henwood v. Gilliam, 207 S.W. 2d 904, error refused; Ford Motor Co. v. Maddin, 124 Texas 131, 76 S. W. 2d 474.

*Charles C. Crenshaw, Jr.,* of Lubbock, for respondents.

MR. JUSTICE GARWOOD delivered the opinion of the Court.

Our petitioners, Mrs. Sargent et al., respectively sued in their own right and as next friends of Nancy Sue Sargent and Betty Lou Smith (aged 13 and 14 years, respectively, at all material times) on account of accidental injuries sustained by these minors while riding as guests or non-paying occupants of an automobile of the defendant-respondent, Carl Williams, then in possession of and driven by his 13-year old son, defendant-respondent, Jerry Williams, on a social trip of the three children from Tahoka to Lubbock. A verdict established in effect a case of responsible negligence on the part of the defendant-respondent father in permitting young Jerry to drive the car with knowledge that the child (a) had no operator's license and (b) was (in effect) an incompetent and reckless driver. The verdict also established numerous acts of causal "gross negli-

gence" on the part of Jerry, including that of driving 110 miles per hour just before the car left the road at a curve. On these findings, and in disregard of certain findings in the realm of misconduct of both the minor and adult plaintiff-petitioners, the trial court rendered judgment in favor of the latter against both respondents. On appeal by the respondents, the Amarillo Court of Civil Appeals reversed this judgment and rendered judgment that the petitioners take nothing on the ground that, as a matter of law on the evidence and the above-mentioned findings which the trial court disregarded, petitioners were barred from recovery by their own misconduct. 255 S. W. 2d. 229.

We granted the petition for writ of error on the one point that:

"The Court of Civil Appeals erred in holding, as a matter of law, that the minor plaintiffs were guilty of contributory negligence in riding with the defendant, Jerry Williams, who did not possess a driver's license and that such negligence proximately caused their injuries as a matter of law."

Our object in so doing was to review the holding against the minor petitioners, including all particulars of their misconduct on which it rested. In this connection, their prior knowledge of Jerry's age and unlicensed status was established by their own admissions, as well as by the verdict, but the jury also found that neither of them was negligent in riding with Jerry in the light of this particular item of knowledge (the corresponding issues on proximate cause being left unanswered). It was also separately found that Jerry "was a small, weak, reckless boy, wholly unfit and incapacitated to operate said automobile on the highways of the State of Texas" (which we take to mean that he was both an incompetent and reckless driver) ; that this fact was, prior to the accident, known to both minor petitioners or could have been known to them by the exercise of ordinary care, but that neither of them was negligent in riding with Jerry in the light of this actual or presumed knowledge (the corresponding issues on proximate cause being thus left unanswered). It was also found, in response to sets of issues evidently tendered by the defendant-respondents in order to establish still another ground of contributory negligence, that the girls did not fail to protest the speed at which Jerry was driving shortly before the accident.

As suggested by their above quoted point of error, the writ-

ten argument of the petitioners in respect of the rights of the minor petitioners is largely directed at the matter of negligence arising from their knowledge that Jerry was unlicensed. While the opinion of the court below rather follows the same course, its conclusion that, as a matter of law, contributory negligence was established, rests alternatively on the important finding, which does not appear to be attacked by petitioners on the appeal, with respect to the matter of knowledge of the girls that Jerry was an incompetent and reckless driver wholly aside from his failure to have a license. The pros and cons of this alternative position were amply developed on the oral argument, and since we conclude it to be well taken, we need not decide whether the knowledge of the one fact of Jerry's unlicensed status was in and of itself enough to bar recovery as a matter of law under the circumstances.

We agree with the Court of Civil Appeals that the case is governed by our recent holdings in Schiller v. Rice, 151 Texas 116, 246 S. W. 2d. 607, to the effect that (a) ordinary contributory negligence is a defense to actions under our automobile guest statute, and (b) both the "negligence" and "contributory" elements of contributory negligence follow as a matter of law from the fact of the guest embarking on (or refraining, upon due opportunity, to. disembark from) a trip with a driver knowing the latter to be drunk. That this "self-exposure to risk" type of contributory negligence may also exist where the guest knowingly entrusts his fate to an incompetent or reckless driver is recognized. Walsh v. Dallas Railway & Terminal Co., 140 Texas 385, 167 S.W. 2d. 1018, 1021; Restatement, Torts, Sec. 466, Clause (a), Comment e; Blashfield, Cyc. of Auto. Law and Practice, Sec. 2512 (Perm. Ed.). Once established these basic facts of incompetence and recklessness of the driver and the voluntary act of the guest with knowledge thereof, we see no reason why negligence and proximate cause should not follow as a matter of law the same as in a situation where the driver is intoxicated. There is no substantial difference between the risk of a driver who is drunk and that of one who is both incompetent and reckless in his natural state. The risk in the former case is that a driver, otherwise not incompetent or reckless, may yet be one or the other or both while his intoxication lasts. In the latter it is the certainly no less realistic presumption that one, who is normally both incompetent and reckless, will continue to be normal in one or the other or both of these respects. As hereafter further stated, and indeed as exemplified by this case, there is probably no great practical difference in the matter of relative

amenability to protest between drunk drivers and those who are habitually reckless. The application of Schiller v. Rice here accordingly is that the conduct of the minor petitioners in undertaking the trip with Jerry, knowing him to be both an incompetent and reckless driver, was negligent, notwithstanding the findings to the contrary, and contributory to the accident notwithstanding the absence of findings on the issues of proximate cause.

It is proper here to observe, although the point cannot be said to be urged by the petitioners, that the failure of the verdict to find actual knowledge on the part of the minor petitioners in finding them to have either that or constructive knowledge of Jerry's disqualifications, is not important. The use of the word "knew" in Schiller v. Rice must be taken in its context, which included a jury finding that the plaintiffs "knew and realized" the defendant driver to be intoxicated. The American Law Institute does, indeed, recognize actual knowledge of (intentional exposure to) unreasonable risk as a separate category of contributory negligence but evidently requires it in order to bar recovery only in certain special cases not material here. Restatement, Torts, Secs. 466 (including Comment h) 467 (Comment c). See also Galveston, H. & S. A. Ry. Co. v. Stevens, Texas Civ. App., 94 S. W. 395, 396, 397, wr. of er. denied.

The reference in the Schiller opinion to the opportunity of the plaintiff guests to leave the automobile is likewise to be taken in the context of that case in which the parties in question were in and out of the car on various occasions prior to the final ride during which the accident occurred, the defendant driver evidently progressing in his intoxication with each stop. To say that one who consents to ride with an obviously drunken driver becomes contributorily negligent only after experiencing that he actually does drive as he should have been expected to and then insisting on remaining in the car, would be to repudiate the theory of the Schiller decision. The findings that the girls did not fail to protest the speed at which Jerry was driving shortly before the accident, while they obviously eliminate the alleged failure to protest as a separate item or act of contributory negligence, do not affect the question of whether it was negligence as a matter of law to undertake the trip with Jerry in the first place. Cases cited for the petitioners, such as Napier v. Mooneyham, Texas Civ. App., 94 S. W. 2d. 564, wr. of er. dism., which state the test as being whether there is evidence of any care at all on the part of the plaintiff, might be applicable only if at the outset the girls had, for example, gotten Jerry

to promise to mend his ways, which they did not do. And, even so, it is hard to see how a promise or admonition could be expected forthwith to make a competent driver out of one theretofore incompetent as well as reckless. As to whether, on the point of proximate cause, the girls should be held as a matter of law to foresee that Jerry would persist in speeding even over their protests, it is enough to say that excessive speed was not the only act of causal negligence of which Jerry was convicted. And even if speed were his only act of misconduct we think a driver, who has the habit of consciously subordinating the safety of others to his own caprice, can no more be expected to heed the protest of one not in authority over him than to conduct himself prudently in other respects. As this court has heretofore stated, one of the primary marks of recklessness is persistence in the misconduct in question. See Rogers v. Blake, 150 Texas 373, 240 S. W. 2d. 1001, 1004.

■ The perhaps most heavily emphasized point of difference between Schiller v. Rice and the instant case, is that in the former the injured plaintiffs were adults rather than "teen-age" children. The contention thus is that the single fact of the youthful ages of the minor petitioners prevents their being held negligent as a matter of law, which seems, in turn, tantamount to saying that a girl of even 14 years of age can never be held negligent as a matter of law. Certainly much younger children may be held negligent as a matter of fact, as is plain from decisions such as Dallas Ry. & Terminal Co. v. Rogers, 147 Texas 617, 218 S. W. 2d 456, cited for the petitioners; and where, as here, the finding as to the knowledge of the minors has not been attacked by them, and there is no dispute about them voluntarily and unreservedly undertaking the trip with Jerry as the driver, and nothing to suggest that they were less than normally alert and intelligent school girls, accustomed to having unchaperoned social engagements with boys, one may indeed doubt the proposition that, simply because of their ages, only a jury, or judge acting as jury, could ever decide the question of their negligence. Obviously the Dallas Ry. & Terminal Co. decision, supra, does not so hold, nor does any other decision to which we are cited. In Heimann v. Kinnare, 190 Ill. 156, 60 N.E. 215, 52 L.R.A. 652, while the case was one of the attractive nuisance type, it was held in so many words that a boy between 13 and 14 years of age was, as a matter of law, guilty of contributory negligence in running out onto the frozen surface of a pool knowing that the ice was of doubtful strength. In similar types of cases in this state it has been held, as a matter of law, that

a boy of 14 years, one month and eight days of age appreciated the risk of swimming in a deep pool, Massie v. Copeland, 149 Texas 319, 233 S. W. 2d. 449, and that even a child of six understood the danger of falling from the top of an oil tank, Stimpson v. Bartex Pipe Line Co., 120 Texas 232, 36 S. W. 2d. 473. However, we agree with the view of the respondents that the point in any event comes too late for us to decide it.

It is in effect a contention that in its decision the Court of Civil Appeals applied the wrong (adult) standard of care. As evidenced by the opinion in the Dallas Ry. & Terminal Co. case, the question of which standard to apply to the conduct of a particular party is a question of law. For example, in a jury case, the court does not ask, but tells, the jury whether the ordinary or special standard shall be used. Of course, the processes are different in determining negligence as a matter of law and as a question of fact, but the same legal standard of conduct governs both processes when the conduct of the same individual party is involved. In the instant suit—perhaps because alleged "teen-age" misconduct was involved on both sides—the proceedings up to the motion for rehearing in the Court of Civil Appeals were all conducted, as if by common consent, on the basis that the normal standard applied. (One formal counter point of petitioners in their brief as appellees below does contain a four-word reference to the ages of the minor petitioners, but the brief itself does not discuss the matter at all). In the trial court, not only the definitions and instructions in the charge and the final issues on negligence and contributory negligence, but also the underlying issues as to whether the minor petitioners "knew, *or could have known by the exercise of ordinary reasonable care*" of Jerry's driving disqualifications, were all in terms of the usual or adult standard, there having been no pleadings, requested instructions, exceptions to pleadings or charges, or anything else to suggest a different course. In that situation, when the trial judge might be required, no motion for judgment *non obstante*, to determine whether contributory negligence existed as a matter of law, if he should apply the standard for which petitioners now contend, he would be himself applying a different standard than the one he actually had given to the jury as the law of the case with the implied consent of all parties. To illustrate further, the jury here having found that the minor petitioners knew, or by the exercise of reasonable care by *adult standards* could have known, of Jerry's driving disqualifications, it has determined by adult standards one essential issue of several which together constitute a single defense, and if the trial

judge, in ruling on whether undertaking the trip, with the knowledge or constructive knowledge so determined, was negligence as a matter of law, should use a non-adult standard, we would have the same defense against the same person determined by two conflicting legal standards. Such a result is altogether illogical, and since the trial judge cannot thus depart from the law of the case, as he has properly (by implied consent of the parties) given it to the jury, neither can an appellate court. In Rittgers v. U.S., 8 Cir. 1946, 154 Fed. 2d. 768, 769, the government, as defendant-appellee in a suit by soldier's widow for National Service Life Insurance benefits, was denied the right to do substantially what the petitioners seek to do here. The defense was that the widow had remarried (by common-law marriage). The sole jury issue submitted was whether she did or not "enter into a valid common law marriage" at a stated time and place, but the court in its general instructions, to which no exception was taken, told the jury that cohabitation was an essential element of such a marriage. After the verdict against the widow, the latter by motion for judgment non obstante and an appeal contended that the evidence as a matter of law established that she had not remarried. The government then sought to *uphold* its verdict of remarriage on the ground that proof of cohabitation (which it had failed to make) was unnecessary to establishing a common-law marriage; but this contention was rejected on the primary ground that the contrary unopposed instructions of the trial court became the fixed law of the case. 154 Fed. 2d. 768, 772. In other words the government was not allowed to say as the petitioners say here, "we voluntarily undertook an unnecessarily heavy burden before the jury, but it found in our favor, so we are now free to discard that burden on appeal." This is no doubt but another application of the familiar rule against taking inconsistent positions as between the trial and appellate courts. See Boatner v. Providence-Washington Ins. Co., Tex. Com. App., 241 S. W. 136, 140.

■ From what we have held above it follows that the holding of the court below correctly barred recovery of the adult petitioners in their own right for the injuries to the minor petitioners. In this connection the question of standard of care is, of course, not involved, and moreover the jury found the adult petitioners to be negligent in permitting their respective daughters to ride with Jerry when, as was also found, they knew or by the exercise of ordinary care could have known, that Jerry was an incompetent and reckless driver. The effect of our holding here thus is to establish proximate cause as a matter of

law notwithstanding the contrary findings in response to the proximate cause issues.

We find little in the record to indicate abuse of discretion on the part of the court below in determining that the case was not so undeveloped on the trial as to require a remand rather than a rendition in the interest of justice.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered May 6, 1953.

MR. JUSTICE GRIFFIN, joined by JUSTICES SMITH and CULVER, dissenting.

I cannot agree with the majority opinion that the plaintiffs are guilty of contributory negligence as a matter of law, and that the judgment of the Court of Civil Appeals reversing and rendering plaintiffs' judgment in the trial court should be affirmed. I believe it was a fact question for the jury to determine whether or not the plaintiffs were guilty of contributory negligence. This court, as late as 1950, in the case of Blanks v. Southland Hotel, 149 Texas 139, 229 S.W. 2d 357, 360, stated what I conceive to be the law applicable to this case:

"* * * The law on this subject applicable to the present case, particularly the question of contributory negligence, is so aptly stated in Lang v. Henderson, 147 Tex. 353, 215 S.W. 2d 585, 587, that the following excerpt from the opinion is incorporated herein:

" 'It is elementary that the question of contributory negligence is generally, by reason of the very nature of the defense, one of fact for the jury to decide. Gulf, Colorado & S.F. Ry. Co. v. Gasscamp, 69 Tex. 545, 7 S.W. 227; Temple Electric Light Company v. Halliburton, 104 Tex. 493, 140 S.W. 426; Id., Tex. Civ. App., 136 S.W. 584; McAfee v. Travis Gas Corporation, 137 Tex. 314, 153 S.W. 2d 442. According to the authorities above cited and many others (69 Tex. 545, 7 S.W. 228), "In order that an act shall be deemed negligent per se, * * * *it must appear so opposed to the dictates of common prudence that we can say, without hesitation or doubt, that no careful person would have committed it.*" (Emphasis added.) Gulf, Colorado & S. F. Ry. Co. v. Gasscamp, supra. Stating the rule in another way, the court can withdraw the question of contributory negligence of the plaintiff from the jury and determine it as a question of law only when from the facts in evidence but one ra-

tional inference can be drawn. 38 American Jurisprudence, p. 1054, Sec. 348. It has been said that contributory negligence is a question of fact for the jury when the evidence shows that the plaintiff, with knowledge or chargeable with knowledge of the danger, exercised some care. Henwood v. Gilliam, Tex. Civ. App., 207 S. W. 2d 904, application for writ of error refused.' "

The following cases are to the same effect: Choate v. San Antonio & A. P. Ry. Co., 90 Texas 82, 37 S.W. 319; Northcutt v. Magnolia Pet. Co., Tex. Civ. App., 90 S.W. 2d 632 (5,6), writ refused; Walgreen-Texas Co. v. Shivers, 137 Texas 493, 154 S.W. 2d 625 (6,8); McAfee v. Travis Gas Corp., 137 Texas 314, 153 S.W. 2d 442 (7,8); Boaz v. White's Auto Stores, 141 Texas 366, 172 S.W. 2d 481 (2,5).

The case of Texas & N. O. R. Co. v. Blake, et al, Tex. Civ. App., 175 S.W. 2d 683, 686, writ refused, states the rule to be "* * * That where the undisputed evidence shows the existence of a danger and the injured party was chargeable with knowledge of danger, and exercised no care whatever, then there is shown a case of contributory negligence as a matter of law. But where there is evidence showing some care and the question is one of the sufficiency of the care, a jury issue is presented. * * * In testing the sufficiency of care taken by the injured party, all testimony on the point and all reasonable inferences therefrom will be regarded as true. Napier v. Mooneyham, Tex. Civ. App., 94 S. W. 2d 564, writ dismissed."

Restatement of the Law, Section 466, p. 1230, "Comment on Clause (a)", subhead "c" has this to say regarding a plaintiff voluntarily exposing himself to risk: "In order that the plaintiff's conduct may be contributory negligence of the sort described in Clause (a), the plaintiff must know of the physical condition created by the defendant's negligence and must have knowledge of such facts that, as a reasonable man, he should realize the danger involved. Furthermore, the plaintiff must intentionally expose himself to this danger. *He must have the purpose to place himself within reach of it.* It is not enough that his failure to exercise reasonable attention to his surroundings prevents him from observing the danger, or that lack of reasonable preparation or competence prevents him from avoiding it when the condition created by the defendant is known to him. *Last of all, his intentional exposure of himself to the known danger must be unreasonable. In order that it may be unreasonable it is necessary that a reasonable man in his position would not expose himself to it.*" (Emphasis added)

The majority opinion holds that the mere fact that the girls knew, or should have known, that the boy was a "small, weak, incompetent, etc., and unfit driver" and went in his car convicts them of contributory negligence as a matter of law. In 5 Am. Jur., p. 770, "Automobiles", Sec. 477, it is stated. "There can be no contributory negligence or assumption of risk arising on the part of an invited guest from the mere knowledge that the driver on former occasions has so driven his automobile as to indicate that he is likely to drive recklessly, although *this may be a circumstance* imposing upon the guest the exercise of reasonable care. *To ride with a person whom one knows to be negligent does not of itself constitute contributory negligence.* Accordingly, a guest who hesitates about accepting an invitation to ride by reason of having considered the driver careless on previous occasions has been held not negligent in finally consenting to go along, *particularly where he asks the defendant to slow up after the latter has been speeding.* Where the facts are in dispute as to the driver's incompetence and the guest's knowledge thereof, the question of the guest's contributory negligence is for the jury." (Emphasis added).

Again, 38 Am. Jur., p. 847-848, "Negligence", Sec. 173, discussing assumption of risk by riding with an incompetent driver says: "Knowledge and appreciation of the danger is an essential of the defense of assumption of risk. *The doctrine does not apply the particular condition of peril has continued long enough so that the person alleged to have assumed the risk can be found to have known or to have been charged with knowledge of the danger.* * * * The doctrine of assumption of risk in an action between persons not master and servant, or not having relations by contract with each other, is confined to cases where the plaintiff not only knew and appreciated the danger, but voluntarily put himself in the way of it. *There is no assumption of risk on the part of an invited guest in an automobile from the mere knowledge that the driver on former occasions has so driven his automobile as to indicate that he is likely to drive recklessly.*" (Emphasis added.)

65 C. J. S., Negligence, §174, p. 848, et seq., Sec. 174, in discussing this doctrine of volenti non fit injuria, upon which the majority opinion is based, says: "* * * Assumption of risk arises where the proximate cause of an injury is referable to the conduct of the injured person after knowledge of the risk of injury, and not to the conduct of defendant who in the first instance

created the risk, but it is predicated on the factual situation of defendant's acts alone creating the danger and causing the accident, with plaintiff's act being that of exposing himself to such obvious danger with appreciation thereof, which resulted in the injury. The test of whether plaintiff assumed the risk of a danger from which injury resulted is whether an ordinary prudent person would under the same or similar circumstances have incurred the risk which plaintiff's conduct involved. * *

"Also, in order to invoke the doctrine of assumed or incurred risk, it is essential that the risk or danger shall have been known to, and appreciated by, plaintiff or that it shall have been so obvious that he must be taken to have known and comprehended it. Accordingly, while an individual assumes all the ordinary risks of his voluntary acts or the environment in which he voluntarily places himself, he does not assume obscure and unknown risks, which are not naturally incident thereto and which, in the existing conditions, would not be reasonably observed and appreciated; *and one is not required to anticipate that he will be exposed to a hazard not naturally incidental to his situation, but arising from negligence which he has no reason to foresee.* The doctrine does not apply to bar recovery where the injury resulted from a hazard of which he had knowledge, plus other factors of danger of which he was ignorant. However, it has been held that the rule may be applied to an appreciated danger even though plaintiff did not appreciate the full extent of the danger."

Under the law, as I conceive it, there is evidence of the exercise of reasonable care on the part of the plaintiffs, and whether or not they were guilty of contributory negligence was a jury question. The facts are of such character that reasonable minds can differ as to whether or not the plaintiffs were guilty of contributory negligence. "Under the circumstances, the evidence must be viewed most favorably to his (plaintiff's) version of the occurrence. And unless the evidence was (is) of such a character that there was no room for reasonable minds to differ as to the conclusions to be drawn from it, the court would not have been warranted in peremptorily directing a verdict. Kirksey v. Southern Traction Co., 110 Texas 190, 217 S. W. 139; Lockley v. Page, 142 Texas 594, 180 S. W. 2d 616; Reed v. Markland, Tex. Civ. App., 173 S. W. 2d 346, error refused." Citing Najera v. Great Atlantic & Pacific Tea Co., 146 Texas 367; 207 S.W. 2d 365, 367, (2,3). See also Blanks v. Southland Hotel Co., supra; Texas & Pac. Ry. Co. v. Day, 145

Texas 277, 197 S.W. 2d 332 (1,2); Gifford v. Fort Worth & D. C. Ry. Co., 151 Texas 282, 249 S.W. 2d 190, (1,2); City of Fort Worth, et al v. Lee, 143 Texas 551, 186 S.W. 2d 954, 159 A.L.R. 125; Wichita Valley Ry. Co. v. Fite, Tex. Civ. App., 78 S.W. 2d 714, 715 (6,8), no writ history; Texas & N. O. R. Co. v. Blake, et al, supra.

The evidence in this case, viewed most favorably in support of the jury's finding that it was not negligence for the girls to ride in the car with Jerry Williams, shows that the girls had ridden with him before and that no injury or reckless driving had occurred; that Betty Lou thought Jerry was a "good driver", that all of these young people were friends and schoolmates and well acquainted with each other; that when the trip was originally planned it was the understanding of all the participants that an older brother of Jerry's was to drive, but that shortly before time to leave, it was ascertained he could not go on the trip and therefore Jerry would drive; that the girls protested to Jerry about his fast driving as soon as he started to drive fast and continued to protest until time of the accident; they warned him of the 30-mile speed zone and tried to get him to slow down. Taking into consideration all of the facts and circumstances testified to in this cause, I cannot bring myself to say that there was no issue for the jury to decide in this case.

I do not agree that Schiller v. Rice controls this case. The facts of each case must be considered in determining whether or not contributory negligence is established. Schiller v. Rice involved an admitted drunken driver. This Court said, after discussing the fact that the Legislature had declared it to be a penal offense for a person, while intoxicated, to drive an automobile upon the public streets and highways, that "by the very nature of that enactment the legislature has declared what every person of ordinary prudence and understanding knows: that it is dangerous for an intoxicated driver to operate a motor vehicle upon the streets, etc. * * * The law will charge him with knowledge of the danger. Not only so, but the law will charge him with acting in heedless and reckless disregard of his own safety, for no person, exercising even the slightest degree of care for his own safety, would voluntarily enter or voluntarily remain in a motor vehicle being driven by one known to him to be intoxicated. It has been said that 'Intoxication temporarily destroys the faculties essential to safe driving, and this is of such common knowledge that no one with sense will submit to the peril of riding with such a person. Hemington v. Hemington, supra (221 Mich. 206, 190 N. W. 683); Taylor v. Taug, 17 Wash.

2d 533, 136 Pac. 2d 176. Moreover, one so charged in law with knowledge of the danger, but who nevertheless voluntarily enters or remains in the vehicle, will be held to have voluntarily exposed himself to the risks involved or to have 'put himself in the way of' the danger 'of his own free will and as the result of an "intelligent choice" so as to bar a recovery under the test of the volenti doctrine laid down in Wood v. Kane Boiler Works, 150 Texas 199, 238 S.W. 2d 172, 175. It follows as a matter of course, that it will be held as a matter of law also that entering or failing to leave the vehicle under the circumstances is a proximate cause of any injuries sustained by reason of the intoxication of the driver." Schiller v. Rice, 151 Texas 116, 246 S.W. 2d 607, loc. cit. 613-614. In the same opinion, (page 615, pars. 9, 10) we said: "In the light of the evidence and the findings of the jury it is our conclusion that the plaintiffs were heedless and reckless of their own safety as a matter of law, and that, as a matter of law, this heedless and reckless disregard of their own safety was a proximate cause of their injuries. It is our further conclusion that the plaintiffs voluntarily exposed themselves to the risk of injury by failing to leave the automobile and 'put themselves in the way of danger' of their own free will."

The plaintiffs in the Schiller case had opportunity to leave the car driven by the drunken driver after the driver had committed acts of negligence, and had on that occasion driven without regard to the life and limb of the occupants of the car. In our case the girls had no opportunity to leave the car from the time Jerry, over their protests and entreaties to cease such conduct, began to speed and was going 110 miles per hour immediately prior to the accident. I agree that the Schiller case was correctly decided and correctly applied the law to the facts of that case, but I cannot agree that it is controlling in this cause. To my mind, there is a vast difference in the act of entering the car with, and continuing to ride with, a known intoxicated driver after he has been guilty of negligent acts, and that of two girl schoolmates getting in the car of a known weak, unfit, incompetent, etc., driver with whom they had previously ridden without suffering injury. We must take into consideration the facts and circumstances of this case in deciding whether or not a fact issue is presented. In my opinion, there being a fact issue present in the case, I think the jury was in a much better position to decide whether or not these plaintiffs acted as ordinarily prudent persons would have acted under the same or similar circumstances present in this cause than are we, of the appellate

courts, who do not observe the demeanor and behavior of the witness on the stand, or hear his testimony, but must rely solely upon the cold printed ,record. I cannot agree that these plaintiffs were guilty of contributory negligence, as a matter of law.

Opinion delivered May 6, 1953.

Associate Justices Smith and Culver join in this opinion.

Rehearing overruled June 24, 1953.