DALLAS RAILWAY & TERMINAL COMPANY V. H. E. ROGERS ET AL.

No. A-1953. Decided March 9, 1949.
Rehearing overruled April 6, 1949.
(218 S. W., 2d Series, 456.)

618

*Burford, Ryburn, Hincks & Ford,* of Dallas, for petitioner.

The Court of Civil Appeals erred in applying a conclusive presumption that a child eleven years old is so lacking in inteligence, experience and capacity as to be incapable of exercising the caution of an adult; also in holding that the definition of negligence, as applied to the child in this case, should be limited to a person of like age, intelligence, experience and capacity in the face of evidence that the child was above normal in intelligence and understanding; also in failing to hold that any presumption as to the child's lack of understanding was rebutted by the uncontroverted evidence that she was above normal in every respect and familiar with the hazards of traffic in downtown Dallas. Seinsheimer v. Burkhart, 132 Texas 336, 122 S. W. (2d) 1063; Manlove v. Lavelle, 235 S. W. 324; City of Brownwood v. Anderson, 92 S. W. (2d) 325.

*Thos. T. Lewis, Golden, Croley & Howell,* all of Dallas, for respondents.

The Court of Civil Appeals correctly held that the trial court erred in refusing to give respondents' special requested charge on "ordinary care", "negligence", and "proper lookout", which instruction each embodying the standard applicable to a like child as distinguished from the standard applicable to a reasonably prudent adult person. The said Court of Civil Appeals also correctly held that the standard to be applied in determining whether a child is guilty of contributory negligence, is that degree of care ordinarily exercised by children of like age, intelligence, etc., even though the particular child in question is intelligent or has had some experience in the matter involved. Said Court of Civil Appeals also corrctly held that the trial court erred in not permitting the introduction in evidence of the city ordinance requiring vehicular traffic to yield the right of way to pedestrains. Galveston Electric Co. v. Antonini, 152 S. W. 841; Duron v. Beaumont Iron Works, 9 S. W. (2d) 1104; St. Louis S. W. Ry. Co. v. Shiflet, 94 Texas 131, 58 S. W. 945.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

Respondent H. E. Rogers for himself and as next friend of his eleven year old daughter, Venetia, brought this action against petitioner for the recovery of damages arising from injuries suffered by the child when she was struck by petitioner's bus at a street intersection in the business district of the City of Dallas. Judgment was rendered for petitioner, the defendant in trial court, on account of the jury's findings that the child was guilty of contributory negligence in failing to keep a proper lookout and in failing to stop immediately prior to the impact. The Court of Civil Appeals reversed the trial court's judgment and remanded the cause. 214 S. W. (2d) 160.

In reversing the judgment of the trial court, the Court of Civil Appeals sustained respondents' contention, made by exceptions, by objections to the court's charge, and by requested issues and definitions, that the eleven year old child was not required to use the same care as that required of an adult, but only such care as an ordinary prudent person of the age, intelligence, experience and capacity of the child would have exerecised under the same or similar circumstances.

The bus, which had been driven east on Elm Street, had stopped at the intersection of Harwood street awaiting a green signal light before making a left turn to a passenger stop on Harwood street. Venetia Rogers, who with several other girls had walked north across Elm street, paused at the corner to await the green signal light before going east across Harwood street. When the light changed the child started across Harwood street and collided with or was struck by the bus as it turned to the left into that street. The testimony showed that Venetia Rogers was an intelligent child, that her grades in school were satisfactory, that she had been given instructions in safety and had from time to time been in the business district with her parents and with other children and realized the danger of traffic and the necessity of being careful. No attempt was made to prove that she was not a normally intelligent child.

The jury in answer to special issues found that the driver of the bus was negligent in failing to keep a proper lookout and in a failing to sound the horn, and that his negligence in each of these respects was a proximate cause of the collision. It also found that Venetia Rogers "failed to. keep a proper lookout for the defendant's bus" as she entered the cross walk and "failed to keep a proper lookout for the bus immediately before the impact", and that "the failure of Venetia Rogers to stop immediately prior to the impact was a failure to exercise ordinary care". It further found that the failure of Venetia Rogers in each of these respects proximately caused or proximately contributed to cause the accident.

The trial court, in its instructions preceding the special issues in the charge, defined "ordinary care" as "such care as a person of ordinary prudence would use under the same or similar circumstances"; defined "negligence" as "the failure to use ordinary care"; and defined "proper lookout" as "such lookout as a person of ordinary prudence would have kept under the same or similar circumstances". This part of the charge,

in defining "proximate cause" and "proximately contributed to cause", described the result as one that reasonably would have been anticipated by a person of ordinary prudence.

Respondents made explicit objections to these definitions and instructions on the ground that they were not confined by the court to the issues relating to the conduct of the driver of the bus, but were directed and applied as well to the issues involving the conduct of the minor plaintiff, notwithstanding the fact that she was but eleven years of age, and that the effect of the defintions and instructions was to impose upon the child a greater degree of care than that required of her by law.

■ Respondents also filed requests for definitions and instructions relating to the issues as to the child's conduct. The substance of these is that by "negligence" as applied to the child is meant the doing of that which an ordinarily prudent person of the age, intelligence, experience and capacity of the child would not do, or the failure to do that which an ordinarily prudent person of the age, intelligence, experience and capacity of the child would do, under the same or similar circumstances; that "proper lookout" and "ordinary care" as used in the special issues applying to the child mean such lookout as would have been kept, and such care as would have been exercised, by an ordinarily prudent person of like age, intelligence, experience and capacity under the same or similar circumstances. The objections were overruled and the requests for special definitions and instructions were rejected. The effect of the trial court's charge and its refusal to give the instructions and definitions requested by respondents was that the court instructed the jury with reference to the issues of contributory negligence to measure the conduct of the minor respondent by the same standard as that applied to the conduct of an adult. This, as shown by the authorities cited in the opinion of the Court of Civil Appeals, does not conform to the well settled applicable principle, which is that a child of tender years is not bound to exercise for its own safety the care required of an adult, the standard by which to measure the child's conduct being that degree of care ordinarily exercised by children of the same age, intelligence, experience and capacity under the same or similar circumstances. Houston & T. C. Ry. Co. v. Boozer, 70 Texas 530, 8 S. W. 119, 8 Am. St. Rep. 615; Texas & Pacific Ry. Co. v. Phillips, 91 Texas 278, 42 S. W. 852; Washington & Georgetown R. R. Co. v. Gladmon, 15 Wall. 401, 21 L. Ed. 114; 38 Am. Jur. pp. 884-885, Sec. 204; Note 107 A. L. R. pp. 4, 7, and

following; Restatement of the Law, Torts, Vol. 2, pp. 743-745, Sec. 283, e, Sec. 284, b.

Petitioner does not dispute the general rule, but takes the position that the trial court did not err in instructing the jury to measure the conduct of the child by the standard required of an adult, because in this case there is no evidence that the child was under any handicap in intelligence or understanding, the evidence on the contrary being that she was normal or above normal, for a child of her age, in intelligence, experience and understanding.

■ This position cannot be sustained. To sustain it would mean that the court must assume or presume that, in the absence of evidence of mental deficiency, an eleven year old child would ordinarily exercise the same care for its own safety that an ordinarily prudent adult would exercise. Such an assumption or presumption would violate the established rule that the adult standard of conduct is not required of a child, and it would be in contradiction of human experience. We know that a child of such immaturity as the minor respondent ordinarily does not exercise, and is not expected to exercise, for its own safety, the discretion and judgment of an adult. It seems necessarily to follow that the court's charge, which in effect directs the jury in answering the issues relating to the child's contributory negligence, to judge her conduct as it would judge that of an adult, deprives the child of the benefit of an established rule of law, and is reasonably calculated to induce the jury to find that she was negligent because an ordinary prudent adult would have been negligent had he, under the same circumstances, acted as did the child. When a standard is set up in the charge, it should be the standard of the established rule, permitting the jury to measure the child's conduct by that of the ordinarily prudent person of like age, experience, intelligence and capacity.

These conclusions are supported by the decisions, including those of this State. In Dr. Pepper Co. v. Rainboldt, 66 S. W. (2d) 496, contributory negligence of the plaintiffs, six years old, was alleged as a defense. The court in submitting the issue of contributory negligence defined negligence as applied to the child to be "the doing of that which an ordinarily prudent person of the age, intelligence, experience and capacity of such child would not do under the same or similar circumstances, or the failure to do that which an ordinarily prudent person of the age, intelligence, experience and capacity of such child would do under the same or similar circumstances". The Court of Civil

Appeals held that by this charge the jury was correctly instructed. The Supreme Court reversed the judgment of the Court of Civil Appeals and remanded the cause on account of an error in the submission of the question of unavoidable accident. The opinion contains this paragraph, which we believe is an express approval by this Court of the holding of the Court of Civil Appeals as to the correctness of the instruction relating to the child's negligence, above quoted: "We approve the holding of the Court of Civil Appeals upon the question of the company's liability for the acts of Schroeder's helper, Graham; also upon the questions of discovered peril, contributory negligence and sudden emergency. We find no other reversible error in the case". Schroeder v. Rainboldt, 128 Texas 269, 279, 97 S. W. (2d) 679.

In Northern Texas Traction Co. v. Thetford, (Com. App.) 44 S. W. (2d) 902, the trial court, over the objection of the defendant, in defining negligence as applied to the nine year old plaintiff, thus instructed the jury:

"Negligence is the failure to use ordinary care and negligence of a child is to be measured by the standard of care which an ordinarily prudent child of similar age would exercise. Ordinary care is that care which a person of ordinary prudence would exercise under the same or similar circumstances, and, as to a child, is such care which a child of ordinary prudence of that age would exercise."

In holding that the charge was erroneous, Judge Harvey, who wrote the opinion, said:

"This charge is erroneous. In the respect that it deals with negligence on the part of a child, the charge bears directly on the special issue submitted to the jury which called for a finding as to whether or not Fred was guilty of negligence in riding on the running board of the automobile. The effect of the charge was to exclude from consideration the question, raised by the evidence, of Fred's capacity to appreciate the dangers of said situation, for the standard of care set up in the charge is such degree of care as a child of ordinary prudence, of Fred's age, would have exercised under the circumstance. Plainly this is not the law. In determining whether negligence is chargeable against a child who has passed beyond the age of irresponsibility, an inquiry as to the extent of his capacity to appreciate the dangers of the situation is of prime importance. The law requires that he exercise such degree of care as a person of his capacity would ordinarily exercise, under like circumstances.

The matter of age, though germane to the question of capacity, is not necessarily of controlling force."

The Court's order rendering the judgment recommended by the Commission of Appeals contains the statement that "We approve the holdings of the Commission of Appeals on the questions discussed in its opinion". The fair implication from the quoted holding approved by the Court is that the charge would have been correct had it included the element of capacity as well as the element of age.

Houston & T. C. Ry. Co. v. Roberts, 201 S. W.. 674, 206 S. W. 382, application for writ of error refused, is very directly in point. The jury by general verdict in favor of the ten year old plaintiff acquitted him of contributory negligence. The Court of Civil Appeals, in affirming the judgment of the trial court, rejected the contention of the defendant railway company that it was entitled to an instructed verdict because the plaintiff did not affirmatively show that, for want of discretion, the negligent act of the plaintiff was not imputable to him. It expressed the opinion that the contention of the railway company was falacious in that it assumed that the boy's act was negligent, without taking into consideration his immature years. It said that "what is negligence in an adult is not always such in a child", and it approved the trial court's instruction that "If you find that he (the minor plaintiff) acted with the prudence that a child of his age, intelligence and experience would use under the same or similar circumstances, then he would not be guilty of contributory negleigence".

The question raised and decided in Galveston Electric Company v. Antonini, 152 S. W. 841, application for writ of error refused, is substantially the same as that presented in this case. In a thirteen year old boy's suit against the street railway company, the defendant, pleading contributory negligence of the plaintiff as a defense, alleged that the boy was negligent in failing to exercise that degree of care for his own safety that an ordinarily prudent person would have used. The railway company complained of the definition of contributory negligence in the court's charge, which was that it is a failure on the plaintiff's part to exercise ordinary care, by which "is meant that degree of care which a person of ordinary prudence of his age, intelligence and discretion would have used or exercised under the same or similar circumstances". The contention was made that this instruction was erroneous because there was neither pleading nor evidence that the boy was not of sufficient intelli-

gence and discretion to understand the danger of attempting to cross the track in front of the car. The court held that this was not a valid objection and approved the charge given by the court, saying that "the question is not simply whether the appellee had sufficient capacity to know that it was dangerous to cross a track in front of an approaching car, but whether a boy of his age, intelligence and discretion would ordinarily have sufficient prudence or care for his safety not to take the chance that he did of getting across the track before the car would reach the place of his crossing". The proof showed that the boy had been employed by a grocery man for two years as a delivery boy, that he was an active, energetic boy, had a good memory and was attentive to his business.

For other authorities supporting the decision of the Court of Civil Appeals, see: Cook v. Houston Direct Navigation Co., 76 Texas 353, 358, 13 S. W. 475, 18 Am. St. Rep. 52; Texas & Pacific Railway Company v. Phillips, 91 Texas 278, 42 S. W. 852; Texas & Pacific Railway Company v. Crump, 102 Texas 250, 115 S. W. 26; Texas & Pacific Railway Company v. Ball, 38 Texas Civ. App. 279, 85 S. W. 456, application for writ of error refused; Galveston, H. & S. A. Railway Company v. Henry, 252 S. W. 210; 38 Am. Jur., pp. 884-892, Secs. 204-205; Note 107 A. L. R., pp. 2, 131-140, 150-154.

Petitioner relies upon and quotes from St. Louis Southwestern Railway Company v. Shiflet, 94 Texas 131, 58 S. W. 945, to sustain its contention that the trial court correctly refused to instruct the jury to judge Venetia Rogers' conduct by a different standard from that required of an adult, there being no evidence that she was wanting in discretion or judgment. There is language in the opinion that may seem to support petitioner's position when the distinction between that case and this case is disregarded. A boy, between eleven and twelve years old, was run over by a train and, as shown by the court's opinion, the case was tried on the theory that he was asleep on the track at the time he was killed. The court's opinion states that the case is treated as if the fact that the boy was guilty of contributory negligence in being upon the track had been found by the jury. The plaintiff alleged in his petition that the boy was of such immature age and so wanting in discretion as not to be responsible for negligence, if any, in being upon defendant's railroad. There was no real controversy in the case as to contributory negligence. It was assumed by the Court and in effect conceded by the plaintiff, who, as a part of his case, sought to excuse the child's negligence by pleading and attempting to

prove that because of lack of discretion he was not responsible for his negligent act.

In the case before us contributory negligence is an issue of fact to be decided by the jury. Venetia Rogers does not seek to be wholly relieved from admitted negligence by reason of want of discretion. She asks that in passing upon her alleged negligence the jury be permitted to measure her conduct by the standard applicable to a child rather than by that applicable to an adult. This difference between the Shiflet case and the ordinary case of contributory negligence on the part of the child, as is this case, is pointed out in Houston & T. C. Ry. Co. v. Roberts, 201 S. W. 674, 677. Failure to recognize this difference accounts for statements in some of the decisions by courts of civil appeals cited by petitioner, as for example, Manlove v. Lavelle, 235 S. W. 324. The attractive nuisance cases are similar to the Shiflet case rather than to this case, for the fact that the child is of such tender years and so wanting in discretion as to be unable to appreciate the danger, is a necessary element of the plaintiff's cause of action in those cases. 38 Am. Jur. pp. 824-827, Secs. 156-157; Note 36 A. L. R. 34, 140-143; Restatement of the Law of Torts, Vol. 2, Sec. 339, pp. 920, 925.

Petitioner relies also upon Seinsheimer v. Burkhart, 132 Texas 336, 122 S. W. (2d) 1063. In that case the plaintiff sued a sixteen year old boy for damages caused by the boy's negligent operation of an automobile. The charge to the jury contained the usual definitions of negligence and proximate cause, and to the definitions the defendants objected on the ground that they placed upon the sixteen year old boy the duty of exercising the care that an adult would have exercised under the same or similar circumstances, contending that the standard for determining the boy's negligence should have been that of an ordinarily prudent boy of sixteen years of age. The court, in holding that the charge given was not erroneous, indulged the presumption that the defendant was a normal sixteen year old boy, there being no evidence that he was wanting in discretion or laboring under the handicap of some mental defect.

That decision goes no further than to hold that there is a rebuttable presumption that a sixteen year old boy has sufficient capacity and understanding to be sensible of danger and has the power to avoid it, and that accordingly the same standard may be used for measuring his conduct as is applied to an adult when there is no evidence tending to prove that he is wanting in discretion or mental capacity. The decision has no application

to an eleven year old child, who in age and maturity is about midway between the two extremes represented by the very young child, as for example, one three years of age conclusively presumed to be incapable of contributory negligence, and the child in the later years of minority, for example sixteen years of age presumed prima facie to have the capacity and discretion of an adult. Under the authorities above discussed, which are in line with the weight of authority, the standard by which to measure the conduct of an eleven year old child, as regards negligence, is the degree of care ordinarily exercised by children of the same age, intelligence, experience and capacity. 38 Am. Jur. pp. 884-892, Secs. 204-205; Note 107 A. L. R. pp. 4, 135-140, 150-152. The law requires that much of him and no more. And where his negligence is an issue, the charge should set us that standard and not the standard applicable to an adult.

■ Evidence, as that in this case, that the child is unusually intelligent for her age and has been instructed and is experienced in the dangers of traffic, does not as a matter of law raise the child to the standard of an adult. She is still a child, and even though she may have greater knowledge than most other children of the same age, she is by nature and because of her extreme youth reckless and impulsive, so that what would be negligence on the part of an adult may well be excused on the part of such a child. These obvious facts the law recognizes in favoring the young child by prescribing a standard of conduct for him different from that prescribed for the adult. An interesting note in the Columbia Law Review thus explains the reason for this difference:

"This distinction arises consistently out of the whole doctrine of contributory negligence of children. Children being creatures of impulse, it is unfair to penalize infants who act like most of their kind for not acting like the minority,—the prudent children. If it be argued that children are relatively capable of restraint and moderation, the anwser is that at a tender age this relative ability amounts to practically nothing, and at a later age, it is taken care if by the rule that children must act in a way that is reasonably to be expected from one of their capacity and experience." Columbia Law Review, Vol. XXI, pp. 697, 699.

In our opinion, respondents' objections to the definitions and instructions as directed to the issues involving the minor respondent's conduct should have been sustained and the definitions and instructions relating to those issues and requested by respondents should have been given.

■ We agree with the construction placed by the Court of Civil Appeals on the ordinance of the City of Dallas requiring vehicular traffic to yield the right of way to pedestrains, quoted in the opinion of the Court of Civil Appeals, and with the ruling of that court that the ordinance should have been admitted in evidence.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered March 9, 1949.

Rehearing overruled April 6, 1949.