**Edgar MORRISON, Individually and as next friend of his minor son, John Morrison, Plaintiff-Appellee,**

v.

**Gregg SUDDUTH, a minor, Defendant-Appellant.**

No. 76–3489

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 11, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Royal H. Brin, Jr., Dallas, Tex., Charles G. Lyman, Corpus Christi, Tex., for defendant-appellant.

William R. Edwards, J. Robert McKissick, Corpus Christi, Tex., for plaintiff-appellee.

Before WISDOM, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

This diversity case presents three challenges to the judgment of a district court in a negligence action tried before a jury. We affirm.

The plaintiff-appellee, John Morrison, sustained severe head injuries when struck in the head by a golf club swung by the defendant-appellant, Gregg Sudduth. The undisputed facts of the accident show that 13-year-old John was showing 11-year-old Gregg how to grip a golf club. While standing next to Gregg, John demonstrated the grip. He then handed the club to Gregg and began to step behind the younger boy to get out of the way. Neither boy looked at the other before the swing. Gregg apparently watched the ball, and John looked at his feet as he stepped back toward several small yard-lights. Before John had moved completely out of the way, Gregg swung, striking his playmate on the follow-through.

John sustained a compound, depressed skull fracture. He experienced difficulty with the movement of his right hand and with speaking. Although these difficulties have subsided with time, John still carries a plastic plate covering the injured area of his skull. His doctor forbade his participating in contact sports.

In response to interrogatories the jury found that Gregg had acted negligently and that John had not. The court awarded damages of $52,520.40.

The appellant first submits that there was insufficient evidence for a jury finding that Gregg was negligent while John was not. The question whether a person has acted negligently generally must be answered by the jury. *Phillips Petroleum Co. v. Gibson, Traders & General Insurance Co.,* 5 Cir. 1956, 232 F.2d 13, *vacated* 352 U.S. 874, 77 S.Ct. 16, 1 L.Ed.2d 77, *rehearing denied,* 352 U.S. 937, 77 S.Ct. 220, 1 L.Ed.2d 169. After stating the preceding proposition, the Court of Appeals held that there was not sufficient evidence to create a jury question in the case. The Supreme Court reversed that holding. *See* W. Prosser, Handbook of the Law of Torts § 37 (4th ed. 1971). Before a jury verdict may be overturned, the court must find that "reasonable men could not arrive at a . . . verdict" contrary to the judgment of the court. *Boeing Co. v. Shipman,* 5 Cir. 1969, 411 F.2d 365, 374. In this case, considering all of the evidence with all reasonable inferences for the plaintiff, we find that reasonable men could disagree about the negligence of John and Gregg. During the trial Gregg admitted knowing at the time of the accident that a person should not swing a golf club when another is near. He also admitted not looking for John and not warning him of the impending swing. With such evidence the jury could reasonably have found that Gregg was negligent. Regarding John, the evidence indicated that he began to move out of the way as soon as he handed Gregg the club. He did not watch Gregg only because he was watching his steps to avoid tripping over a light. With such evidence the jury could reasonably have found that John was not contributorily negligent.

The appellant also submits that the district court committed reversible error by rejecting a proposed jury instruction on the Texas doctrine of "unavoidable accident". He argues that the ages of the boys made the accident "unavoidable" under Texas law. According to cases cited in the appellant's own brief, however, the age of an actor can trigger the doctrine only when the actor is so young that he is not "a responsible human agency". *Childress v. Martens,* Tex.Civ.App.1969, 444 S.W.2d 362, 365. *See Yarborough v. Berner,* Tex.S.Ct. 1971, 467 S.W.2d 188, 190 (involving a four-year-old); *Shaw v. Null,* Tex.Civ.App.,1965, 397 S.W.2d 523, 524 (involving a three-year-old). Here, both boys can be held responsible for their negligent acts under Texas law. *See Dallas Railway & Terminal Co. v. Rogers,* 1949, 147 Tex. 617, 218 S.W.2d 456, 461. Consequently, the doctrine does not apply.

Finally, the appellant submits that the district court awarded excessive damages. Because of the severity of the physical injury and emotional distress caused by the blow, $50,000 plus medical expenses cannot be held excessive as a matter of law.

The judgment is AFFIRMED.