

# The Attorney General of Texas

June 10, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob McFarland
Chairman
Committee on Constitutional Amendments
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. MW-478

Re:    Disposition of fines
paid following trial de novo
in county courts on appeal
from municipal courts

·Dear Representative McFarland:

You ask whether article 45.11 of the Code of Criminal Procedure requires that a fine imposed by a county court in a case heard on appeal from a municipal court be returned to the municipal treasury.

In order to answer this question, we must first determine what article 45.11 provides.  The version of article 45.11 which is printed in Vernon's Texas Statutes Annotated differs from the version which appears in the enrolled senate bill which enacted the statute.  We must decide which version controls.

Article 45.11 was enacted in 1965 by Senate Bill No. 107, which enacted the revised Code of Criminal Procedure.  Acts 1965, 59th Leg., ch. 722, at 317.  The version of the statute which appears in Senate Bill No. 107, as enrolled, reads as follows:

> The fine imposed on appeal [from the corporation court] and the costs imposed on appeal <u>and in the corporation court</u> shall be collected of the defendant, and such fine of the corporation court when collected shall be paid into the municipal treasury.  (Emphasis added).

The version which is printed in Vernon's Texas Statutes Annotated does not include the underlined words.

Where there is a variance between a bill as enrolled and as printed, the former controls.  <u>Atchison, T. and S.F. Railway Company v. Hix</u>, 291 S.W. 281 (Tex. Civ. App. - El Paso 1926, no writ).  Therefore, the version of article 45.11 which appears in Senate Bill No. 107 is controlling and is the one which we shall construe.

Article 45.11 is inartfully drafted, and its language is confusing.  In construing the statute, therefore, we may examine its predecessor, article 877 of the old Code of Criminal Procedure.  <u>See</u>

State v. Standard Oil Company, 107 S.W.2d 550 (Tex. 1937); Zurich
General Accident and Fidelity Insurance Company v. Walker, 35 S.W.2d
115 (Tex. Comm'n App. 1931) (permissible to go behind adoption of
ambiguous code provision for aid in determining legislative intent).
Article 877 provided that:

> The fine imposed on appeal and the costs imposed
> on appeal and in the corporation court shall be
> collected of the defendant, and such fine and the
> cost of the corporation court when collected shall
> be paid into the municipal treasury. (Emphasis
> added).

The only difference between former article 877 and article 45.11 is
that article 45.11 does not contain the underlined words.

Attorney General Opinion WW-1079 (1961) construed former article
877.  In that opinion, this office concluded that the statute required
counties to pay over to municipal treasuries any fine imposed by a
county court in a case heard on appeal from a corporation court. The
basis for this conclusion was the determination that the words "such
fine" in article 877 clearly referred to "the fine imposed [by the
county court] on appeal."

Given the syntax of former article 877, the conclusion that "such
fine" referred to "the fine imposed on appeal" was clearly correct.
In 1965, however, when article 877 was recodified as article 45.11,
the phrase "such fine and the cost of the corporation court" was
rewritten to read "such fine of the corporation court."  This change
prompts the following question:  do the words "such fine" now refer to
the "fine of the corporation court," rather than "the fine imposed on
appeal"?  For the following reasons, we answer in the negative.

Three settled principles of statutory construction must be
applied in this instance. First, "the intention of the Legislature is
the dominant consideration in construing a statute."  Calvert v.
British-American Oil Producing Company, 397 S.W.2d 839, 842 (Tex.
1965).  Second, a statute should not be construed in a manner which
thwarts the legislature's intent or leads to absurdity if such a
construction can reasonably be avoided.  Rogers v. Dallas Ry. and
Terminal Company, 214 S.W.2d 160 (Tex. Civ. App. - Dallas 1948),
affirmed, 218 S.W.2d 456 (Tex. 1949).  Third, words or phrases in a
statute may be supplied or omitted in order to give the statute "the
meaning which effectuates its manifest purpose."  State v. Standard
Oil Company, supra, at 559.

The purpose of article 45.11 is to provide for the disposition of
fines and costs imposed in cases heard "on appeal" from corporation
court.  When a county court hears a case "on appeal" from corporation
court, however, the trial is de novo. Tex. Const. art. V, §16; Code
Crim. Proc. arts. 45.10, 44.17.  The effect of a trial de novo:

> is the nullification of the judgment or order of the first tribunal and a retrial of the issues on which the judgment or order was founded. <u>When jurisdiction of the second tribunal attaches, the judgment or order of the first tribunal is not merely suspended, but is nullified.</u> (Emphasis added).

<u>Southern Canal Company v. State Board of Water Engineers</u>, 318 S.W.2d 619, 622 (Tex. 1958). Thus, once the jurisdiction of a county court attaches in a case heard "on appeal" from a corporation court, any fine imposed by the corporation court is automatically extinguished.

Since there will <u>be</u> no "fine of the corporation court" in a case which is appealed from that court to county court, it follows, in our opinion, that the phrase "such fine of the corporation court" in article 45.11 should not be construed literally, <u>i.e.</u>, as the fine imposed by the corporation court. The legislature could hardly have intended to provide, in a statute dealing with fines and costs imposed <u>on appeal</u>, for the disposition of a fine which can <u>never</u> be collected if the case in which it is imposed <u>is</u> appealed.

There is another reason why a literal construction of this phrase should be eschewed. In order to conclude that this is the proper construction, one must conclude that the intent of the 1965 amendment to present article 45.11 was to change the prior law so that counties would not have to return to municipal treasuries fines imposed by county courts in cases heard on appeal from corporation courts. In our opinion, such a change was neither contemplated nor intended by the 1965 Texas Legislature.

When the 1965 amendment to present article 45.11 is analyzed in the light of changes made in other statutes at that time, it becomes clear that its sole purpose was to alter the manner in which the statute handled <u>costs</u>, not fines. In 1965, former article 873 of the old Code of Criminal Procedure, which dealt with costs in corporation court, was substantively amended and renumbered article 45.07. As amended, the statute provides that:

> <u>No costs</u> [in the corporation court] shall be provided for by any ordinance of any incorporated city, town, or village, <u>and none shall be collected</u>. (Emphasis added).

As of 1965, then, corporation courts were prohibited by article 45.07 from collecting court costs. <u>See</u> <u>Deal v. State</u>, 423 S.W.2d 929 (Tex. Crim. App. 1968). Former article 877 [now article 45.11] provided, however, that corporation court costs were to be collected. Attorney General Opinion WW-1079 (1961). In our opinion, the only purpose of the 1965 amendment to present article 45.11 was to make that statute and article 45.07 harmonious. In this context, we note that nothing

in the legislative history of Senate Bill No. 107 suggests that any other substantive change was intended. Certainly, if the legislature had intended to designate a new repository for fines imposed by county courts on appeal, some evidence of that intent would appear in the legislative history.

As noted, words may be omitted from a statute when necessary to effectuate the legislature's intent. In this instance, we conclude that two phrases should be treated as if omitted from article 45.11: "and in the corporation court" and "of the corporation court." The statute should, in other words, be regarded as if it reads as follows:

> The fine imposed on appeal and the costs imposed on appeal shall be collected of the defendant, and such fine when collected shall be paid into the municipal treasury.

These omissions would effectuate the legislature's intent as we perceive it. First, the omission of the words "and in the corporation court" makes article 45.11 fully consistent with article 45.07, although article 45.07 renders these words meaningless anyway. Second, the omission of the words "of the corporation court" makes the words "such fine" refer to "the fine imposed on appeal." Thus, fines imposed in cases heard on appeal from corporation court must still be returned to municipal treasuries. In our opinion, this result is not only what the legislature most likely intended, since corporation court cases originally arise as a result of the enforcement of a city ordinance, but it is far more sensible in light of the fact that there cannot be a "fine of the corporation court" in a case which is appealed to county court.

We therefore conclude that under article 45.11 of the Code of Criminal Procedure, a fine imposed by a county court in a case heard on appeal from a municipal court must be returned to the municipal treasury.

## S U M M A R Y

> Under article 45.11 of the Code of Criminal Procedure, a fine imposed by a county court in a case heard on appeal from a municipal court must be returned to the municipal treasury.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger